# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | No. C24-4045-LTS-MAR |
| vs. | |
| FORREST D. KNOLL, individually; PHILLIP E. KNOLL, as Conservator on behalf of L.M.B., a minor, and PHILLIP E. KNOLL, as Conservator of N.P.K., a minor, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## I. INTRODUCTION

This interpleader action is before me on an unresisted motion (Doc. 16) by plaintiff Unum Life Insurance Company (Unum) for interpleader relief. Unum requests an order directing deposit of the insurance benefits at issue, plus interest, minus $7,500 in reasonable attorney's fees and $350 in costs.

## II. BACKGROUND

On August 15, 2024, Unum filed a complaint (Doc. 1) for interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §§ 1132(e), 1331, 1335 and 1391. The complaint names as defendants Forrest Knoll, individually, and Phillip Knoll, as Conservator of L.M.B. and N.P.K.,[1] to resolve competing claims following the death of Ann Michelle Krummen (the decedent) to $1,061,100 in benefits under group policies

---

[1] L.M.B. and N.P.K. are both minors.

Unum issued to participating employees of Tyson Foods, Inc.[2] Defendants have each filed an answer (Docs. 9, 13) to the complaint. Both consent to the interpleader relief requested in Unum's motion. *See* Doc. 16-2 at 4.

### III.     ANALYSIS

#### A.     *Interpleader and Dismissal*

"Interpleader is a procedural device whereby a party holding money or property concededly belonging to another may join in a single suit two or more parties asserting mutually exclusive claims to the fund. The stakeholder is thereby freed from the threat of multiple liability and/or the vexation of multiple lawsuits." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (citing 3A Moore's Federal Practice P 22.02(1) (1974)). Unum brings this interpleader action pursuant to 28 U.S.C. § 1335. The federal interpleader statute provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

---

[2] Specifically, Unum has identified the following coverage, which it collectively refers to as the death benefits:

- Base life - $101,000
- Base accidental death & dismemberment (AD&D) - $101,000
- Supplemental life - $301,000
- Supplemental AD&D - $501,000
- Supplemental AD&D seatbelt benefit - $50,100
- Supplemental AD&D childcare default benefit - $2,000
- Supplemental airbag benefit - $5,000
-

Doc. 16-1 at 1-2.

2

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335. Jurisdiction is appropriate based on this statute as the amount at stake is over $500 and at least two of the parties are diverse (Doc. 1).

Interpleader is also addressed by Federal Rule of Civil Procedure 22:

> (a) Grounds.
>
>> (1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>>
>>> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

3

> > (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
>
> > (2) *By a Defendant*. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
> > (b) Relation to Other Rules and Statutes. This rule supplements--and does not limit--the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to--and does not supersede or limit--the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

Fed. R. Civ. P. 22.

Interpleader actions typically proceed in two stages. *United States v. High Tech. Prod., Inc.,* 497 F.3d 637, 641 (6th Cir. 2007).

> During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*Id.* (internal citations omitted) (citing 7 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001)).

> When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead; the court also may make any other order that is appropriate and convenient for the resolution of the competing claims. Moreover, the order may direct that the interpleader issues be framed by the claimants in their pleadings.

7 Wright, Miller, & Kane at § 1714 (internal footnotes omitted).

This interpleader action is in the first stage. I must therefore determine whether interpleader and the dismissal of Unum are appropriate procedural steps. Unum argues

4

that interpleader is appropriate because there are conflicting issues of fact and law as to the proper beneficiary of the benefits and Unum has been unable to determine who is entitled to such benefits without risking exposure to multiple liabilities. Doc. 16-1 at 4. The nature of the dispute (as described by Unum) is that at the time of the decedent's death on December 15, 2023, the combined value of her death benefits was $1,061,100, with N.P.K. and L.M.B. as the listed beneficiaries of record. Doc. 16-1 at 3. After the decedent's death, Forrest Knoll claimed entitlement to the death benefits based on a Unum Portability Beneficiary Designation Form dated October 13, 2023, that purports to designate him as the sole beneficiary of the decedent's life insurance benefits. *Id.* Neither Unum nor the decedent's employer had a record of any attempted change to decedent's beneficiary. *Id.* Because Forrest Knoll's claim competes with the claims of N.P.K. and L.M.B., Unum is unable to determine which defendant is entitled to the benefits.

The defendants do not oppose Unum's request to pay the benefits into the Court Registry and be dismissed from this case. Based on the above, I find that interpleader is appropriate. Unum may deposit the benefits[3] with the court. Upon doing so, its role has ended and it is entitled to be dismissed from this case.

This interpleader action will proceed to the second stage and the case will continue between the defendants. At this second stage, I will "determine[] the respective rights of [the defendants]" to the benefits "via normal litigation processes, including pleading, discovery, motions, and trial." *High Tech. Prod., Inc.,* 497 F.3d at 641 (citing Wright, Miller, & Kane at § 1714). The benefits will be distributed at the conclusion of stage two of this interpleader action.

---

[3] As agreed by the parties and discussed below, Unum will deposit $1,055,183.23, representing the benefits due under the group policies ($1,061,100.00) plus interest ($1,933.23), minus $7,500 in reasonable attorney's fees and $350 in costs.

## B. Attorney Fees and Costs

Unum seeks to recover $7,500 in attorney fees and $350 in costs incurred in bringing and maintaining this interpleader action. No rule or statute permits an interpleader plaintiff to recover its attorney fees. Normally, this lack of authorization would preclude such a recovery. *See, e.g., Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013) (describing the so-called "American Rule," pursuant to which each party bears its own attorney fees unless Congress has provided "explicit statutory authority for awarding fees to a prevailing party") (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001)). However, federal courts have traditionally relied on the equitable nature of the interpleader remedy to allow a "modest" award of attorney fees despite the lack of statutory authority. The Eighth Circuit Court of Appeals explained as follows, over 80 years ago:

> The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability, does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest.

*Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940); *accord The Equitable Life Assur. Soc'y of the United States v. Miller,* 229 F. Supp. 1018, 1020-21 (D. Minn. 1964) (acknowledging that attorney fees may be recovered but noting that the awards are "generally modest"). While some courts have questioned the practice, I have found it to be permissible in this circuit. *See Banner Life Ins. Co. v. Vernard*, No. C24-3008, 2024 WL 3239734, at **4-5 (N.D. Iowa June 28, 2024) (citing cases). Similarly, the Southern District of Iowa has explained that an interpleader plaintiff's "[r]ecoverable expenses are properly limited to the attorney fees billed to prepare the complaint, obtain service of

process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." *Van Dusseldorp v. Ho*, No. 4:13-cv-00171, 2014 WL 1047077, at *2 (S.D. Iowa Mar. 4, 2014).

Unum requests fees in the amount of $7,500 representing 44.8 hours of work. *See* Doc. 16-2 at 2-3 (describing work performed on this matter up to and including preparing the present motion). This amounts to an effective hourly rate of $167, which Unum represents is lower than the standard rates of all attorneys who performed work in this matter. *Id.* Defendants do not object to the requested amount of attorney fees, nor do they object to award of costs in the amount of $350. *See* Doc. 16-2. I find these fees and costs to be reasonable.

## IV. CONCLUSION

For the foregoing reasons, Unum's motion (Doc. 16) for interpleader relief is **granted**, as follows:

1. Unum is hereby awarded attorney fees in the amount of **$7,500.00** and costs in the amount of **$350.00**, to be retained from the benefits due under the group policies.

2. Unum shall deposit the remaining benefits due under the group policies, **$1,055,183.23**, with the Clerk of Court, which funds shall be deposited by the Clerk of Court into the Registry of this Court and then, as soon as the business of his or her office allows, the Clerk of Court shall deposit these funds into the interest-bearing Disputed Ownership Fund (DOF) established within the Court Registry Investment System, which shall be responsible for meeting all DOF tax administration requirements.

3. The funds so invested in the interest-bearing DOF shall remain on deposit until further order of this court, at which time the funds, together with interest thereon, shall be retrieved by the Clerk of Court and redeposited into the non-interest-bearing Registry of the Court for disbursement pursuant to further order of the court.

4. Upon its deposit of the funds described in paragraph 2, above, Unum is hereby **dismissed with prejudice** as a party to this interpleader action. The defendants are enjoined from commencing or proceeding any claim against Unum in any state or federal court with respect to the benefits under the group policies described herein.

**IT IS SO ORDERED** this 10th day of December, 2024.

_____
Leonard T. Strand
United States District Judge